# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is hereby made and entered into by and between ALENA KOTSKOVA, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators (the "Plaintiff"), on the one hand, and LAUNDRY KING LLC, a New York corporation, and HENRY ALTON a.k.a. ALTON HENRY, on behalf of themselves, their agents, assigns, attorneys, heirs, successors, executors and administrators (collectively herein as the "Defendants"), on the other hand (the Plaintiff and the Defendants may be referred to collectively herein as the "Parties").

## RECITALS

**WHEREAS**, the Plaintiff, through her attorneys, asserted claims against the Defendants for alleged violations of the Fair Labor and Standards Act ("FLSA") and the New York Labor Law, in an action filed on June 27, 2017 in the United States District Court for the Eastern District of New York (the "Court"), entitled <u>Alena Kotsikova v. Laundry King, LLC and Alton Henry</u>; 17-cv-3843.

**WHEREAS**, the Parties to this Agreement mutually desire to fully resolve and forever settle all claims asserted by the Plaintiff, for the purpose of avoiding the time, expense and inconvenience of further litigation; and

**WHEREAS**, all Parties to this Agreement are and have been represented by legal counsel at all times throughout the negotiation, preparation and execution of this Agreement, and all Parties have had a full and fair opportunity to consider this Agreement and review all of its terms with the assistance of such counsel; and

**WHEREAS**, all Parties to this Agreement have carefully considered other alternatives to executing this Agreement and have entered into this Agreement knowingly, voluntarily and without coercion; and

**NOW THEREFORE**, with the intent to be legally bound hereby and in consideration of the mutual covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by all of the Parties hereto, IT IS HEREBY AGREED by and between the Parties as follows:

(1) <u>Submission of Agreement for Court Approval; Dismissal of the Action</u>. The parties shall jointly provide the proposed Order of Dismissal with Prejudice annexed to this Agreement as Exhibit A to the Court via the Electronic Court Filing (ECF) system. This Agreement shall not become final and binding upon the Parties until the Action, and all claims asserted by the Plaintiff therein, has been dismissed with prejudice by the Court.

(2) <u>Settlement Amount</u>. The Defendants shall pay to the Plaintiff the total sum of **Twenty-Five Thousand Dollars ($25,000.00)** (the "Settlement Amount"), payable as follows:

     i.   One (1) check in the amount of $5,000.00, made payable to David A. Feinerman, Esq. As Attorneys ("Plaintiff's Attorney") due 10 days after judicial approval of this Settlement Agreement;

     ii.   Five (5) checks in the amount of $4,000.00 made payable to David A. Feinerman, Esq. As Attorneys, due every 30 days after the initial payment.

The Plaintiff expressly understands and agrees that Plaintiff's Attorney shall be solely responsible for disbursement of the settlement amount to the Plaintiff. All settlement payments shall be made by check and shall be delivered to: David A. Feinerman, Esq.

(2)(a) Concurrently with the execution of this Agreement, Defendants shall execute and deliver to Plaintiff's counsel a confession of judgment ("Confession of Judgment") in the form annexed hereto as Exhibit A. The Parties hereby acknowledge and agree that the Confession of Judgment will be held in escrow by Plaintiff's counsel, and will not be entered and/or filed at any time other than (i) in the event that Defendant fails to make payment as set forth above, and (ii) Defendant fails to cure such default within ten (10) days of receipt of written notice to be delivered to Defendant's counsel via first class mail or e-mail at: Stephen D. Hans, Esq., 45-18 Court Square, Ste. 403, Long Island City, NY 11101. Any such Notice of Default shall be deemed received seven (7) days after it is mailed.

(3)   <u>Release</u>:   (a) In consideration for the foregoing, the Plaintiff, on behalf of herself and her dependents, heirs, executors, administrators, legal and/or personal representatives, successors, assigns and agents, does hereby knowingly, voluntarily, unconditionally and irrevocably **WAIVES, RELEASES** and **FOREVER DISCHARGES** Defendants and each and every one of their divisions, affiliates, subsidiaries, parents, corporations under common ownership or control, related business entities, predecessors, successors, management companies, assigns, officers, directors, trustees, employees, agents, shareholders, representatives, attorneys, or fiduciaries, past, present or future (hereinafter referred to collectively as the "Releasees"), from any and all claims, rights, liabilities, debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or unknown, suspected or unsuspected, arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§201, et seq., as amended, and related regulations, the New York Labor Law and related regulations promulgated by the NYS Commissioner of Labor and any other claims for alleged unpaid wages, unpaid minimum wage, unpaid overtime compensation, failure to provide required notices and/or wage statements, liquidated damages, interest, costs, penalties or attorneys' fees under any federal, state or local laws, as well as any claims for retaliation pursuant to the FLSA, 29 U.S.C. §215, and the NYLL, Labor Law §215, based upon any conduct occurring from the beginning of the world to the date of the Plaintiff's execution of this Agreement. To the fullest extent permitted by law, the Plaintiff **PROMISES NOT TO SUE** or bring any charges, complaints or lawsuits related to the claims hereby waived and released against the Releasees in the future, individually or as a member of a class. This **WAIVER, RELEASE** and **PROMISE NOT TO SUE** is binding on the Plaintiff, her heirs, legal representative and assigns. However, nothing in this agreement shall prevent the Plaintiff from seeking enforcement of this agreement in a court of competent jurisdiction.

(4) <u>Non-Assignment of Claims</u>: The Plaintiff represents and warrants that she has not assigned or transferred, or purported to assign or transfer, to any person, firm, or corporation whatsoever, any of the matters released in this Agreement, and the Plaintiff shall defend, indemnify and hold harmless Releasees against any debts, obligations, liabilities, demands, damages, actions or causes of actions based on or arising out of or in connection with any such transfer or assignment, including without limitation, the payment of reasonable attorneys' fees and costs.

(5) <u>Each Party To Bear Its Own Attorneys' Fees.</u> The Parties shall each bear their own attorneys' fees, costs, and expenses, except as may be expressly provided herein.

(6) <u>Tax Liability and Indemnity</u>. The Plaintiff understands that no federal, state or local income taxes, payroll taxes or other taxes or withholdings have been or will be paid by any of the Releasees or withheld by any of the Releasees on account of or from the Settlement Amount. The Plaintiff acknowledges that the Defendants and their counsel do not make and have not made any representations regarding the taxability of such amounts or the necessity for making withholdings therefrom, and the Plaintiff further acknowledges that she has not relied upon any advice or representation by any of the Defendants or their attorneys as to the necessity for withholding from or the taxability of such amounts. The Plaintiff shall be solely responsible for any and all taxes which may be due as a result of her receipt of any portion of the Settlement Amount paid by the Defendants pursuant to this Agreement. The Plaintiff further agrees to accept full, complete, sole and entire responsibility for any tax liability, withholding liability, interest or penalty that may be assessed against or incurred by any of the Releasees or by the Plaintiff, or both, as a result of not withholding taxes from any portion of the money paid to the Plaintiff and the Plaintiff's attorneys pursuant to this Agreement, and the Plaintiff agrees to fully indemnify and hold the Defendants harmless against any such liability. If any of the Defendants receive notice from any taxing authorities regarding any of the payments hereunder, the Defendants will provide the Plaintiff's attorneys with a copy of such notice, within a reasonable period, so that the Plaintiff may address any requests made by such taxing authority.

(7) <u>Successors and Assigns</u>. This Agreement shall inure to the benefit of, and shall be binding upon, the successors and assigns of each of the Parties.

(8) <u>Entire Agreement</u>. This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between and among them. The Parties warrant that there were no representations, agreements, arrangements or understandings between them, whether written or oral, relating to the subject matter contained in the Agreement which are not fully expressed herein and that no party has relied upon any such representations, agreements, arrangements or understandings, whether written or oral, in entering into this Agreement.

(9) <u>Modification in Writing</u>. This Agreement may not be altered, amended or modified, nor any of its provisions waived, except by a further agreement in writing signed by all of the Parties or by their respective counsel.

(10) <u>No Other Assurances</u>. The Plaintiff acknowledges that, in deciding to execute this Agreement, she has not relied upon any promises, statements, representations or commitments, whether spoken or in writing, made to him by anyone, except for what is expressly stated in this Agreement.

(11) <u>Governing Law</u>. This Agreement and the rights and obligations of the Parties hereunder are to be governed by and construed and interpreted in accordance with the laws of the State of New York applicable to contracts made and to be performed wholly within New York, without regard to choice or conflict of laws principles.

(12) <u>Joint Preparation</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, extending to it its fair meaning, and not strictly for or against any of the Parties. The Parties agree that, in consultation with their attorneys, they have jointly prepared and approved the language of the provisions of this Agreement, and that should any dispute arise concerning the interpretation of any provision hereof, neither the Plaintiff nor the Defendants shall be deemed the drafter, nor shall any such language be presumptively construed in favor of or against either the Plaintiff or the Defendants.

(13) <u>Severability</u>. If any provision, term or clause of this Agreement is declared by any court of competent jurisdiction or any foreign, federal, state, county or local government or any other governmental regulatory or administrative agency or authority or arbitration panel to be invalid, void, unenforceable or against public policy for any reason, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain in full force and effect and shall continue to be valid and binding upon all of the Parties. Upon any finding that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, the Plaintiff shall promptly execute new releases, waivers and/or covenants that are legal and enforceable.

(14) <u>Captions</u>. Paragraph captions contained in this Agreement have been inserted herein only as a matter of convenience and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision hereof.

(15) <u>Execution</u>. This Agreement may be executed and delivered with original signatures or by facsimile or PDF-scanned signatures, either of which shall be deemed legally binding as fully as an original signature.

**IN WITNESS WHEREOF**, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF  Kings    )

I, **ALENA KOTSKOVA**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily.

_____
**ALENA KOTSKOVA**

Sworn to before me this
__8__ day of __May__, 2018

_____
Notary Public

TAMILLA KHANUKAYEVA
Notary Public, State of New York
No. 01KH5083598
Qualified in Kings County
Commission Expires Aug. 18, 2021

**DEFENDANTS:**

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF _____ )

I, **HENRY ALTON**, individually and on behalf of **LAUNDRY KING LLC**, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of LAUNDRY KING LLC.

_____
**HENRY ALTON** a.k.a. **ALTON HENRY**
Individually and on behalf of
**LAUNDRY KING, LLC**

Sworn to before me this
____ day of _____, 2018

IN WITNESS WHEREOF, the parties hereto have knowingly and voluntarily executed this Agreement as of the date set forth beneath their respective signatures below:

**PLAINTIFF:**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF _____  )

I, ALENA KOTSKOVA, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily

Sworn to before me this
_____ day of _____, 2018

_____
Notary Public

_____
**ALENA KOTSKOVA**

**DEFENDANTS:**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF Queens   )

I, HENRY ALTON, individually and on behalf of LAUNDRY KING LLC, affirm that I have fully reviewed the foregoing Agreement with my attorney, that it has been explained to me and, if necessary, has been fully interpreted to me in my native language, that I understand all of its provisions, and that I enter into this Agreement knowingly and voluntarily in both my individual capacity and as a shareholder and officer of LAUNDRY KING LLC.

_____
**HENRY ALTON a.k.a. ALTON HENRY**
Individually and on behalf of
**LAUNDRY KING, LLC**

Sworn to before me this
8th day of May, 2018

_____
Notary Public

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ALENA KOTSIKOVA, individually and on behalf of all
other persons similarly situated,

                                  Plaintiff,                  17-CV-3843

                        -against-

                                                          **AFFIDAVIT OF**
                                                            **CONFESSION OF**
                                                             **JUDGMENT**

LAUNDRY KING, LLC. and ALTON HENRY,

                                  Defendants.
---------------------------------------------------------------X

STATE OF NEW YORK     )
                                   : ss.:
COUNTY OF QUEENS     )

       HENRY ALTON a.k.a. ALTON HENRY, being duly sworn, deposes and states:

1. I reside in Brooklyn, New York.

2. I am the President of Laundry King, LLC. I am duly authorized to make this Affidavit of Confession of Judgment on behalf of Laundry King, LLC.

3. Laundry King, LLC maintains its principal place of business at 9812 4th Avenue, Brooklyn, New York 11209.

4. This Affidavit of Confession of Judgment is for a debt justly due to Plaintiff under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that the Defendants are to submit a total sum of Twenty-Five Thousand Dollars ($25,000.00) to Plaintiff.

5. Pursuant to the terms of the Settlement Agreement and Release by and between Alena Kotsikova ("Plaintiff") and Laundry King, LLC and Alton Henry ("Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof in Kings County against Laundry King, LLC and Alton Henry in favor of Plaintiff for

1

the remaining sum due under the Settlement Agreement, plus counsel fees and reasonable costs.

6. This Affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York, Kings County, as a judgment for Twenty-Five Thousand Dollars ($25,000.00) (less any amounts already paid to Plaintiff pursuant to the above schedule), against Laundry King, LLC and Alton Henry.

_____
HENRY ALTON a.k.a. ALTON HENRY
Individually and on behalf of
LAUNDRY KING, LLC

State of New York )
                  )ss:
County of Queens )

On May 8, 2018, before me personally came Henry Alton, to me known, who, by me duly sworn, did depose and say that deponent is the President of LAUNDRY KING, LLC, the party described herein, and that deponent executed the foregoing Affidavit of Confession on behalf of himself individually and LAUNDRY KING, LLC.

Sworn to before me this

8th day of May, 2018

_____
Notary Public

STEPHEN D. HANS
Notary Public, State of New York
No. 02HA4658402
Qualified in Queens County
Commission Expires June 3, 2019

2