UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALENA KOTSIKOVA,

                              Plaintiff,

              -against-                     **MEMORANDUM AND ORDER**
                                                           17 CV 3843 (CLP)

LAUNDRY KING LLC and ALTON HENRY,

                             Defendants.
------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

      Plaintiff Alena Kotsikova commenced this action against defendants Laundry King LLC and Alton Henry (collectively, the "defendants"), seeking unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") § 650 *et seq.*, as well as damages stemming from defendants' alleged failure to furnish required notices under the portion of the New York Labor Law commonly known as the Wage Theft Prevention Act. (<u>See generally</u> Compl., June 27, 2017, ECF No. 1). All parties have consented to this Court's exercise of plenary jurisdiction pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (<u>See</u> Consent and Order of Reference, Apr. 13, 2018, ECF No. 19). With the Court's assistance, the parties agreed to resolve this action at a settlement conference held on April 11, 2018. (<u>See</u> Minute Entry, Apr. 11, 2018, ECF No. 18). The parties submitted their settlement agreement for the Court's review and now move for the Court's approval of the settlement. (<u>See generally</u> Joint Mot. for Settlement, May 16, 2018, ECF No. 20). The Court held a fairness hearing on May 16, 2018. (<u>See</u> Minute Entry, May 16, 2018, ECF No. 21).

      For the reasons that follow, the Court finds the proposed settlement to be fair and reasonable and therefore grants the motion for approval of the settlement.

1

DISCUSSION

**A. Legal Standard**

The Second Circuit has explained that the parties must obtain approval from the district court or the Department of Labor before a settlement and stipulation of dismissal relating to a plaintiff's FLSA claims may take effect.  See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).  That requirement "is consistent with what both the Supreme Court and [the Second Circuit] have long recognized as the FLSA's underlying purpose: 'to extend the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'"  Id. (quoting A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 493 (1945)).  Cheeks confirmed the need for court approval of FLSA settlements, but did not set forth the specific factors courts should consider.  "Because jurisprudence, like nature, abhors a vacuum, district courts are commissioned to fill the void[.]"  Gao v. Perfect Team Corp., 249 F. Supp. 3d 636, 638 (E.D.N.Y. 2017).

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching."  Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation").  Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses";

2

> (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky). Additionally,

> [f]actors weighing against approval include "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace."

Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *3 (quoting Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 336).

**B. Analysis**

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335. Moreover, the Court is familiar with the proceedings in this action after having supervised pretrial proceedings and overseen the settlement process.

Thus, the Court finds that the proposed settlement is fair and reasonable and grants the parties' motion to approve the settlement.

CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable, and the parties' motion to approve the settlement is therefore granted. The parties shall file a stipulation of dismissal for the Court's endorsement within thirty (30) days.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
May 18, 2018

                                      /s/ Cheryl L. Pollak
                                      Cheryl L. Pollak
                                      United States Magistrate Judge
                                      Eastern District of New York